**[This opinion has been published in *Ohio Official Reports* at 82 Ohio St.3d 1224.]**

JEWETT ET AL., APPELLEES, *v.* OWNERS INSURANCE COMPANY ET AL., APPELLANTS.

[Cite as *Jewett v. Owners Ins. Co.*, 1998-Ohio-417.]

*Appeal dismissed as improvidently allowed.*

(No. 97-2282—Submitted June 24, 1998—Decided July 22, 1998.)

APPEAL from the Court of Appeals for Licking County, No. 97-CA-24.

_____

*Plymale & Associates* and *Andrew W. Cecil*, for appellees.

*Mazanec, Raskin & Ryder Co., L.P.A.*, and *Edwin J. Hollern*, for appellants.

_____

{¶ 1} The appeal is dismissed, *sua sponte*, as having been improvidently allowed.

MOYER, C.J., DOUGLAS, RESNICK, F.E. SWEENEY and PFEIFER, JJ., concur.

COOK and LUNDBERG STRATTON, JJ., dissent.

_____

**COOK, J., dissenting.**

{¶ 2} I respectfully dissent from the decision to dismiss this case as improvidently allowed. This decision is inconsistent with the majority opinion rendered in *Ross v. Farmers Ins. Group of Cos.* (1998), 82 Ohio St.3d 281, 695 N.E.2d 732, and today's decision to order briefing in *Hillyer v. Great Am. Ins. Co.* (1998), 82 Ohio St.3d 1224, 696 N.E.2d 598. For the sake of consistency, we should set this case for briefing on the *Ross* issue as we have done in *Hillyer.*

{¶ 3} We held this case for *Ross* on the issue of whether to apply the current version of R.C. 3937.18, or the former version of that statute as interpreted in *Savoie v. Grange Mut. Ins. Co.* (1993), 67 Ohio St.3d 500, 620 N.E.2d 809. Although the potentially applicable divisions of former and current R.C. 3937.18

are different in the two cases, the core legal issue is the same — what version of R.C. 3937.18 applies?  Despite holding in *Ross* that the date of contracting determines which version of R.C. 3937.18 applies, the majority nevertheless lets stand the *Jewett* court's ruling, applying the law in effect on the accident date.  I believe that the parties to this case should have the same opportunity given the *Hillyer* litigants to argue whether the rule in *Ross* also controls their situation and, if not, what rule should control.  Therefore, I must respectfully dissent.

LUNDBERG STRATTON, J., concurs in the foregoing dissenting opinion.

_____